# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

EQUAL EMPLOYMENT OPPORTUNITY
COMMISION,

       Plaintiff,

v.                              CIV. NO: 1:23-cv-00274-MV-GJF

SANDIA TRANSPORTATION, L.L.C.,

       Defendant.

## CONSENT DECREE

## I. RECITALS

1. This matter was instituted by Plaintiff, Equal Employment Opportunity Commission ("Commission" or "Plaintiff" or "EEOC"), an agency of the United States government, alleging that Defendant, Sandia Transportation, L.L.C. ("Sandia" or "Defendant") subjected Charging Parties Lisa Garcia, Lorie Wagner, Tracy Happek, and Erlinda Cordova (referred collectively as "Charging Parties") to unlawful employment practices which created a hostile work environment for them and culminated in their collective terminations from employment due to their sex (female), sexual orientation, perceived as orientation and/or association with a protected group. EEOC further alleges that Defendant's termination of the Charging Parties' employment was retaliatory due to their objections to the owner's discriminatory and disparaging remarks. In addition, EEOC alleged that Sandia failed to maintain records in accordance with EEOC's recordkeeping and reporting requirements.

1

2. The Parties to this Decree are the Plaintiff EEOC and the Defendant Sandia Transportation, L.L.C.

3. The Parties, desiring to settle this action by an appropriate Consent Decree ("Decree"), agree to the jurisdiction of this Court over the Parties and the subject matter of this action, and agree to the power of this Court to enter a Consent Decree enforceable against Defendant.

4. As to the issues resolved, this Decree is final and binding upon the Parties and their successors and assigns.

5. For the purpose of amicably resolving disputed claims, the Parties jointly request this Court to adjudge as follows:

**IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

## II. JURISDICTION

6. The Parties stipulate to the jurisdiction of the Court over the Parties and subject matter of this action and have waived the entry of findings of fact and conclusions of law.

## III. TERM AND SCOPE

7. **Term:** The duration of this Decree shall be two (2) years from the date of the Court signing this decree.

8. **Scope:** The terms of this Decree shall apply to Sandia Transportation L.L.C.

## IV. ISSUES RESOLVED

9. This Decree resolves the claims alleged in the above-captioned lawsuit and constitutes a complete resolution of all the Commission's claims of unlawful employment practices under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 2000e-2(a); 42 U.S.C. § 2000e-3(a); 42 U.S.C. § 2000e-8(c), that arise from Charge of

Discrimination Numbers 543-2017-00593; 543-2017-00596; 543-2017-00633; and 543-2017-00592 filed by Lorie Garcia, Tracy Happek, Erlinda Cordova, and Lisa Garcia.

10. Defendant and its officers, agents, employees, successors, and all other persons in active concert or participation with any of them will not interfere with the relief herein ordered, but shall cooperate in the implementation of this Decree.

## V. MONETARY RELIEF

11. Judgment is hereby entered in favor of the Commission and against Defendant in the amount of $97,500.00

12. Defendant will not condition the receipt of individual relief upon Lisa Garcia, Lorie Wagner, Erlinda Cordova, and Tracy Happek's agreement to: (a) maintain as confidential the terms of this Decree or the facts of the case; (b) waive her statutory right to file a charge with any federal or state anti-discrimination agency; or (c) promise not to reapply for a position at any of Sandia's facilities.

13. Defendant will distribute the settlement amount to Charging Parties Lorie Wagner, Lisa Garcia, Tracy Happek and Erlinda Cordova. The EEOC shall be responsible for and shall retain all discretion to allocate the total settlement amount to the Charging Parties. Within ten (10) calendar days of the approval of this Decree by the U.S. District Court, EEOC will provide a distribution list to Defendant allocating the settlement funds to the Charging Party.

14. Within 180 calendar days from the date Defendant receives the EEOC's distribution list and any necessary tax forms relating to the Charging Parties to which monetary relief will be afforded, Defendant will mail the payments by check via Certified or Registered Mail to the Charging Parties' mailing addresses as provided in the EEOC's distribution list.

15. Within three (3) business days after payments are mailed to the Charging Parties, Defendant shall submit to EEOC a copy of the checks issued.

## VI.  OTHER INDIVIDUAL RELIEF

16. Defendant shall expunge from Charging Parties Lisa Garcia, Erlinda Cordova, Tracy Happek, and Lorie Wagner's personnel files: (a) any and all references to the allegations of discrimination filed against Defendant that formed the basis of this action; (b) any and all references to Lisa Garcia, Erlinda Cordova, Tracy Happek, and Lorie Wagner's participation in this action; and (c) any and all documents that refer, make reference to, or relate to any alleged performance deficiencies documented after Lisa Garcia, Erlinda Cordova, Tracy Happek, and Lorie Wagner filed charges of discrimination.

17. Defendant shall expunge the terminations from Lisa Garcia, Erlinda Cordova, Tracy Happek, and Lorie Wagner's records and shall ensure that all of Defendant's records reflect that Lisa Garcia, Erlinda Cordova, Tracy Happek, and Lorie Wagner voluntarily resigned from their employment.

## VII.  EQUITABLE RELIEF

### A. *Injunctive Relief*

18. Defendant, its officers, agents, successors, and other persons in active concert or participation with it, or any of them, are permanently enjoined from engaging in any employment practice which discriminates on the basis of sex, sexual orientation, perceived as sexual orientation and/or association with someone based on their sexual orientation.

19. Defendant, its officers, agents, successors, and other persons in active concert or participation with them, or any of them, are permanently enjoined from engaging in reprisal or retaliation of any kind against any person because of such person's opposition to any practice

made unlawful under Title VII of the Civil Rights Act of 1964, as amended. Defendant shall not retaliate against a person because such person brings an internal complaint of discrimination with the Defendant; because such person files or causes to be filed a charge of discrimination with the Commission or any other agency charged with the investigation of employment discrimination complaints, or whose statements serve as the basis of a charge; or because such person testifies or participates in the investigation or prosecution of an alleged violation of these statutes. Defendant shall not retaliate in any manner against individuals identified as witnesses in this action or who assisted in the investigation giving rise to this action. Nor shall Defendant retaliate against any such persons identified as a witness or possible witnesses of discrimination in future investigations or proceedings.

### B. EEO Policy Review

20. Within ninety (90) calendar days of the entry of this Decree the Defendant shall, in consultation with an outside consultant experienced in the area of employment discrimination law ("Consultant"), review its existing EEO policies to conform with the law and revise, if necessary.

21. The written EEO policies must include at a minimum:

   21.1. A strong and clear commitment to preventing unlawful sex or sexual orientation discrimination and retaliation;

   21.2. A clear and complete definition of disparate treatment based on sex, sexual orientation, and retaliation;

   21.3. A statement that discrimination based on sex, sexual orientation, or retaliation is prohibited and will not be tolerated;

21.4. A clear and strong encouragement of persons who believe they have been discriminated or retaliated against to report such concerns;

21.5. The identification of specific individuals, with telephone numbers, to whom employees can report their concerns about discrimination, harassment, or retaliation;

21.6. A clear explanation of the steps an employee must take to report discrimination or retaliation, which must include the options of either an oral or written complaint;

21.7. An assurance that Defendant will investigate allegations of any activity that might be construed as unlawful discrimination and that such investigation will be prompt, fair, and reasonable, and conducted by a neutral investigator specifically trained in receiving, processing, and investigating allegations of discrimination;

21.8. An assurance that appropriate corrective action will be taken by Defendant to make victims whole and to eradicate the unlawful conduct within its workforce;

21.9. A description of the consequences, up to and including termination, that will be imposed upon violators of Defendant's anti-discrimination policies;

21.10. A promise of maximum feasible confidentiality for persons who report unlawful discrimination, harassment, and/or retaliation, or who participate in an investigation into allegations of discrimination, harassment, and/or retaliation; and

21.11. An assurance of non-retaliation for persons who report unlawful discrimination, harassment, and/or retaliation, and for witnesses who provide testimony or assistance in the investigation(s) of such unlawful discrimination, harassment, and/or retaliation.

22. Within thirty (30) calendar days after completion of the policy review required under the preceding two Paragraphs above, the written EEO policies shall be posted in a prominent location frequented by employees, at Sandia Transportation, L.L.C and distributed to each

current employee. The written EEO policies shall be distributed to all new employees when hired.

### C. Training

23. At least annually, Defendant shall provide EEO training for all its employees. Under this provision, employees will be trained at a minimum in the following areas: (a) the Defendant's policy and procedures for reporting alleged discrimination; (b) understanding the kind of conduct which may constitute unlawful discrimination or harassment; (c) the penalties of engaging in discriminatory behavior; and (d) Defendant's non-retaliation policy; and (d) Defendant's procedures for preserving records. All training under this Paragraph shall be at Defendant's selection and expense. Training may be by live presentation, online interactive training, and/or computer training, or any combination of the foregoing. The training will be conducted as follows:

> 23.1. **Non-managerial Employees**: Defendant will provide non-managerial employees at least twelve (12), fifteen-minute (15-minute), manager-led monthly meetings at each of its locations. Attendance will be mandatory for every employee on the days of such training. At least four (4) of these meetings will focus on discrimination based on sex, sexual orientation and retaliation.
>
> 23.2. **Managerial and Supervisory Employees**: Defendant will require all individuals who work in a managerial or supervisory capacity, including the owner of the company, to receive at least eight (8) hours of training annually regarding Title VII and other federal anti-discrimination laws. Four (4) of the eight (8) hours must directly address sex and sexual orientation discrimination and retaliation, and two (2) of the eight (8) hours must be instruction in the proper methods of receiving, communicating, investigating

(where applicable), and ameliorating discrimination. Additionally, Defendant will require employees who are newly hired or recently promoted into a managerial or supervisory position to complete the requisite eight (8) hours of training within twenty (20) calendar days of being hired or promoted. The training under this Paragraph must be provided by outside vendors.

24. Defendant agrees that the first such training session for each employee group identified in the preceding Paragraph, will take place within sixty (60) calendar days after the Court's entry of this Decree. Defendant agrees that all of its personnel shall both register and attend the training sessions.

25. The Commission, at its discretion, may designate one or more Commission representatives to attend any of the training sessions described above, and the Commission representatives shall have the right to attend, observe, and fully participate in all of the sessions. Defendant shall provide the Commission with at least thirty (30) calendar days' notice that a training session will be conducted.

### D. Notice Posting

26. Within five (5) business days after the Court's entry of this Decree, Defendant shall post in each of its places of business, in a conspicuous place frequented by employees, the Notice attached as Exhibit A to this Decree. The Notice shall be the same type, style, and size as set forth in Exhibit A. The Notice shall remain posted for the duration of this Decree. If the Notice becomes defaced or illegible, Defendant will replace it with a clean copy. Defendant shall certify to the Commission, in writing, within ten (10) calendar days of entry of this Decree that the Notice has been properly posted and shall provide recertification in each of the annual reports required under the Reporting provisions of this Consent Decree.

## VIII. RECORD KEEPING AND REPORTING PROVISIONS

27. Defendant shall create and implement a recordkeeping system that at a minimum conforms with, but should surpass, that required by 29 C.F.R. § 1602.14.

28. For the duration of this Consent Decree, Defendant shall maintain all records concerning implementation of this Consent Decree, including, but not limited to, all of the following:

   28.1. Job applications;

   28.2. Personnel files;

   28.3. Payroll records;

   28.4. Work schedules;

   28.5. Complaints of discrimination and records documenting investigation of such complaints, including witness statements, documents compiled, findings and conclusions, and any corrective and remedial actions taken as a result of the complaint;

29. Defendant shall provide annual reports for each twelve-month period following the entry of this Decree. The reports shall be due thirty (30) calendar days following the respective twelve-month period, except the final report which shall be submitted to the Commission six (6) weeks prior to the date on which the Consent Decree is to expire.

30. **Reporting Requirements:** Each report shall provide the following information:

   30.1. **Reports of Discrimination and/or Retaliation**

      30.1.1 For purposes of this Paragraph, the term "report of discrimination" will include any written or verbal complaint made to a manager or of which a manager is aware which alleges discrimination, or the witnessing of discrimination, even if such terminology is not used by the complainant. The

9

complainant need not invoke the terms "discrimination," "Title VII," "disparate treatment," "violation," or "rights," etc.

30.1.2  For purposes of this Paragraph, the term "complaint of retaliation" will include any written or verbal complaint which alleges retaliation for activity that is protected under the Title VII or alleges retaliation for conduct which the Defendant recognizes or should have recognized as protected activity under any of those statutes even if the complainant does not use legal or technical terminology.

30.1.3  The report will include:
   a) The name, address, email address, and telephone number of each person making a complaint of discrimination and/or retaliation to Defendant or to any federal, state, or local government agency;
   b) The name, address, email address, and telephone number of each person identified as a potential witness to the incident of discrimination and/or retaliation;
   c) A brief summary of each complaint, including the date of the complaint, the name of the individual(s) who allegedly engaged in the discriminatory and/or retaliatory conduct, the Defendant's investigation and response to the complaint, the name of the person who investigated or responded to the complaint, and what, if any resolution was reached; and
   d) Copies of all documents memorializing or referring to the complaint, investigation, and/or resolution thereof.

30.2.  **Training**

30.2.1. For each training program required in Paragraph 23 and conducted during the

reporting period, Defendant shall submit a registry of attendance.

30.2.2. For each training program conducted by an outside consultant or vendor not affiliated with Defendant, Defendant will identify the consultant and/or vendor and provide a copy of the program agenda.

30.3. **Posting of Notice**: Defendant shall recertify to the Commission that the Notice required to be posted under Paragraph 26 of this Consent Decree has remained posted during the reporting period, or, if removed, was promptly replaced.

30.4. **Policy Review**: Defendant shall report on the status of the EEO policy review process required under Paragraph 20 and 21, above.

## IX. RETENTION OF JURISDICTION AND ENFORCEMENT OF DECREE

31. This Court shall retain jurisdiction of this cause for purposes of compliance with this Decree and entry of such further orders or modifications as may be necessary or appropriate to effectuate equal employment opportunities for employees.

32. There is no private right of action to enforce Defendant's obligations under the Decree and only the Commission, or its successors or assigns, may enforce compliance herewith.

33. The Commission may petition this Court for compliance with this Decree at any time during which this Court maintains jurisdiction over this action. Should the Court determine that Defendant has not complied with this Decree, appropriate relief, including extension of this Decree for such period as may be necessary to remedy its non-compliance, may be ordered.

34. Absent extension, this Decree shall expire by its own terms at the end of the 60th month from the date of entry without further action by the Parties.

## X.  EEOC AUTHORITY

35. With respect to matters or charges outside the scope of this Decree, this Decree shall in no way limit the powers of the Commission to seek to eliminate employment practices or acts made unlawful by any of the statutes over which the EEOC has enforcement authority, and do not arise out of the claims asserted in this lawsuit.

## XI. COSTS AND ATTORNEY'S FEES

36. Each party shall be responsible for and shall pay its own costs and attorney's fees.

## XII. NOTICE

37. Unless otherwise indicated, any notice, report, or communication required under the provisions of this Decree shall be sent by certified mail, postage prepaid, as follows:

Jeff Lee  
Senior Trial Attorney  
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION  
Albuquerque Area Office  
500 Gold Ave., SW, Suite 6401  
PO Box 128  
Albuquerque, NM 87103  
Telephone: 505-738-6723  
jeff.lee@eeoc.gov  

Attorney for Plaintiff EEOC

Sandia Transportation, LLC  
c/o Santiago Juarez  
721 5th St. NW  
Albuquerque, NM 87102  
(505)246-8499  
santiagojuarezlaw@gmail.com  

Attorney for the Defendant,

SANDIA TRANSPORTATION, L.L.C.

## XIII. SIGNATURES

38. The parties agree to the entry of this Decree subject to final approval by the Court.

SO ORDERED this 14th day of March, 2024.

BY THE COURT:

_____
United States District Judge

BY CONSENT:

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

for By: _____
Mary Jo O'Neill
Regional Attorney

Date: 3/12/24

SANDIA TRANSPORTATION, L.L.C.

By: _____
Farid Veriyani
Owner

Date: 3/12/24

13

APPROVED AS TO FORM:

*/s/ Christina Vigil Frazier*

Christina Vigil Frazier, Assistant Regional Attorney
Jeff, Lee, Senior Trial Attorney
Lucia Moran, Trial Attorney
Albuquerque Area Office
500 Gold Ave., SW, Suite 6401
PO Box 128
Albuquerque, NM 87103
Telephone: (505) 738-6722
lucia.moran@eeoc.gov

Jillian Edmonds, Trial Attorney
Denver Field Office
950 17th Street, Suite 300
Denver, CO 80202
Telephone: 720-329-0821
jillian.edmonds@eeoc.gov

Attorneys for Plaintiff EEOC

*/s/ Santiago E. Juarez*

Santiago E. Juarez
721 5th St. NW
Albuquerque, NM 87102
(505)246-8499
santiagojuarezlaw@gmail.com

Attorney for the Defendant,

SANDIA TRANSPORTATION, L.L.C.

## ATTACHMENT A

### NOTICE

The following notice is being posted pursuant to the terms of a Consent Decree reached between the Parties in *EEOC v. Sandia Transportation, L.L.C.* filed in the United States District Court for the District of New Mexico, Civil Action No. 1:23-cv-00274-MV-GJF.

Management of Sandia Transportation, L.L.C. wishes to emphasize the company's fundamental policy of providing equal employment opportunity in all of its operation and in all areas of employment practices. Sandia Transportation, L.L.C. seeks to ensure that there shall be no discrimination against any employee or applicant for employment on the grounds of race, color, religion, sex, sexual orientation, gender identity, pregnancy, national origin, age or disability. This policy extends to benefits and all other terms, conditions and privileges of employment.

Pursuant to Title VII, it is unlawful for an employer to discriminate based upon the sex or sexual orientation of an applicant or employee. Further, it is unlawful for any employer to retaliate against an employee because he or she has requested reasonable accommodation for disability or religion, opposed discriminatory employment practices, or because he or she has filed a charge of discrimination with any municipal, state, or federal equal employment opportunity agency, or because he or she has participated in an investigation or litigation of a charge of discrimination.

Sandia Transportation, L.L.C. respects the right of its employees for employment to work in an environment free from discrimination based on sex and sexual orientation. Accordingly, Sandia Transportation, L.L.C. reaffirms its commitment to complying with the strictures of Title VII, in that it is our policy to prohibit all discrimination based on sex and sexual orientation and retaliation.

Any employee who believes that he or she has suffered discrimination on the basis of age, race, color, religion, sex, pregnancy, sexual orientation, national origin, or disability, has the right to contact the EEOC directly. In compliance with federal law, no official at Sandia Transportation, L.L.C. will retaliate against an employee who makes an internal complaint of discrimination or who contacts the EEOC or its state counterpart. The Equal Employment Opportunity Commission maintains offices throughout the United States. EEOC can be reached at (800) 669-4000 or, for the hearing impaired, at (800) 669-6820 (TTY) or via e-mail at info@eeoc.gov. The EEOC is a federal law- enforcement agency and charges no fees to receive and investigate complaints. Additional information about EEOC is available at www.eeoc.gov, including how to file a charge online.

This Notice shall remain posted for the term of five years.

Sandia Transportation, L.L.C.

By:_____      _____

                                                                                    Date